tUNITED STATES DISTRICT COURT
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ASHLEY WHITE,** | Case No. 2:25-cv-02321-WJM-CF |
| **Plaintiff,** | |
| v. | **OPINION** |
| **HYUNDAI CAPITAL AMERICA d/b/a KIA MOTORS FINANCE, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, EQUIFAX INFORMATION SERVICE, LLC, RESURGENT CAPITAL SERVICES L.P., TRANSWOLRD SYSTEMS, INC.,** | |
| **Defendants.** | |

**WILLIAM J. MARTINI, U.S.D.J.**

Before the Court is Defendant Hyundai Capital America d/b/a Kia Motors Finance ("HCA") moves to dismiss the Amended Complaint, ECF No. 22 ("AC"), for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 54 ("MTD"); ECF No. 55 ("Mem."). Plaintiff also moves for leave to file the proposed second amended complaint. ECF No. 58 ("Motion for Leave"). Both motions are now fully briefed, and the Court decides the motions on the papers without oral argument. Fed. R. Civ. P. 78(b). After careful consideration, for the reasons stated below, the MTD is **GRANTED**, the Motion for Leave to file the proposed second amended complaint is **DENIED**, and leave to amend to file a different complaint that cures the deficiencies discussed below is **GRANTED**.

I.    **BACKGROUND**

A.    **Factual History**

Plaintiff leased a car from an HCA dealer, making payments until she returned the vehicle. AC ¶¶ 2, 17-18. Plaintiff's Lease[1] requires Plaintiff to make monthly payments

---

[1] HCA attached a copy of the operative lease. ECF No. 55-1 ("Lease"). Plaintiff references the Lease in the Amended Complaint (AC ¶¶ 2, 17-18), does not dispute its authenticity, and relies on it in part in her Opposition. ECF No. 72 ("Opposition"), at 5. The Court considers the Lease as both incorporated by reference and integral to the AC. *See Miller v. Clinton Cnty.*, 544 F.3d 542, 550 (3d Cir. 2008) ("A court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff[']s claims are based on the document." (citation modified)).

over a four-year term, from December 2017 to December 2021. Lease §§ 2, 12. Plaintiff made regular monthly payments until she returned the vehicle. AC ¶ 18.

The Lease has several key terms. In a box with capitalized letters, the Lease notifies Plaintiff that she "may have to pay a substantial charge if [she] end[s] this Lease early," which "may be up to several thousand dollars" and "will depend on when the Lease is terminated." Lease § 7. In a separate section, the Lease states that Plaintiff has "the right to terminate this Lease early" upon "returning the Vehicle" and then "paying the applicable Early Termination Liability." *Id.* § 22A. The "Early Termination Liability" for a lessee who returns the vehicle with fewer than 120 days before the end of the Lease Term is the sum of all outstanding lease payments, fees and taxes, excess mileage, excess wear and use, and a disposition fee. *Id.* § 22C.

The instant dispute arises from what happened next. At some point in 2021, Plaintiff alleges that she paid the approximately $2,300 balance that was listed on her account portal and turned in the vehicle to the dealership, which accepted the vehicle without raising any issues. AC ¶ 21. Plaintiff then received a $1,948 refund check from HCA in February 2022. *Id.* ¶ 22. Plaintiff alleges that she believed she overpaid what was due because she received a refund check. *Id.* Yet in September 2022, HCA called her and demanded her to pay an outstanding balance of $2,416, which consisted of an unpaid portion of her lease and other fees. *Id.* ¶ 23. Plaintiff alleges that this balance is false because she paid off her lease balance before turning in the vehicle. *Id.* ¶ 23-24. Nevertheless, HCA reported the balance to the credit bureaus. *Id.* ¶ 25. For more than a year, Plaintiff disputed the negative balance to both HCA and the credit bureaus, and the credit bureaus provided notice to HCA of the dispute.[2] *Id.* ¶ 26. Plaintiff then filed this lawsuit.

### B.    Procedural History

Plaintiff originally filed this case in the Superior Court of New Jersey, Hudson County, Law Division (No. HUD-L-000593-25). ECF No. 1. Defendant Experian then removed this case. *Id.* 1-2.

On May 16, 2025, Plaintiff filed the Amended Complaint. HCA then moved to dismiss the AC on July 28, 2025. After HCA filed the MTD, Plaintiff moved for leave to file the proposed second amended complaint and settled with Defendant Central Portfolio Control, Inc., ECF No. 56. In the interests of judicial economy, the Court considers both motions together. *See, e.g.*, *Gabros v. Shore Med. Ctr.*, No. 14-cv-01864, 2015 WL 9308241, at *3-4 (D.N.J. Dec. 22, 2015), *aff'd on other grounds*, 724 F. App'x 119 (3d Cir. 2018) (granting a motion to dismiss for failure to state a claim, denying a motion for leave to amend, and granting plaintiff one final opportunity to file an amended complaint).

---

[2] As shorthand, the Court refers to Defendants Experian Information Solutions, Inc., ("Experian"), Trans Union LLC ("Trans Union"), and Equifax Information Services LLC ("Equifax") as the "credit bureaus."

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a 12(b)(6) motion, courts must "accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable" to the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Although courts "may not consider matters extraneous to the pleadings," courts can consider a "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). The factual allegations must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court "may disregard any legal conclusions." *Bruni v. City of Pittsburgh*, 824 F.3d 353, 360 (3d Cir. 2016).

## III.    DISCUSSION

Plaintiff brings two counts against HCA. Count 1 alleges that Defendants HCA, Experian, Trans Union, and Equifax violated the Fair Credit Reporting Act ("FCRA") by willfully (or in the alternative, negligently), failing to investigate the allegedly inaccurate or misleading information contained in the credit report that HCA made to the credit bureaus. Count 3 alleges that HCA violated the New Jersey Consumer Fraud Act ("NJCFA") by misrepresenting Plaintiff's lease balance and engaging in deceptive business practices. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681p, and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's NJCFA claim under 28 U.S.C. § 1367.

### A.    Fair Credit Reporting Act

First, the Court considers Plaintiff's FCRA claim. The FCRA provides a civil cause of action against a furnisher of information like HCA, AC ¶ 8, that, after receiving notice of a dispute, willfully or negligently fails to investigate the dispute. 15 U.S.C. § 1681s-2(b)(1); *id.* § 1681n(a); *id.* § 1681o(a). A "furnisher of information has a duty to provide accurate information" as well as a duty to "conduct an investigation into the completeness and accuracy of the information furnished in certain circumstances." *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011). The credit reporting agency must provide notice of a dispute to the furnisher before the furnisher has a duty to investigate. 15 U.S.C. § 1681i(a)(2); *SimmsParris*, 652 F.3d at 358. At this stage, Plaintiff sufficiently alleges notice by pleading that "[u]pon information and belief" the credit bureaus reported her dispute to HCA. AC ¶ 26.[3]

---

[3] Defendant does not dispute that the credit bureaus provided notice. Indeed, one Defendant, Trans Union, admitted to contacting the furnisher, which "verified the reporting." ECF No. 34, ¶ 26.

Before evaluating the allegations regarding any investigation by HCA, the Court must examine whether "the furnisher provided incomplete or inaccurate information." *Ritz v. Equifax Info. Servs., LLC*, No. 23-2181, 2025 WL 1303945, at *3 (3d Cir. May 6, 2025) (citation modified). Accuracy depends on "how a reasonable reader would have comprehended a report" when read "not in isolation, but rather by reading the report in its entirety." *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342 (3d Cir. 2022); *see also White v. Flagstar Bank, F.S.B.*, No. 24-cv-00177, 2024 WL 5360095, at *4-5 (D.N.J. Nov. 7, 2024) (applying this standard to a furnisher).

As to accuracy, the only disputed issue here is whether the Lease obligates Plaintiff to pay the $2,416 balance. Information in a credit report is accurate where an unambiguous contract obligates the payment of the at-issue debt. *See, e.g., Johnson v. Cap. One Auto Fin., Inc.*, No. 25-cv-01407, 2025 WL 2524844, at *5 (E.D. Pa. Sept. 2, 2025) (dismissing with prejudice a FCRA claim where the underlying contract bound the plaintiff to make monthly car payments). Accordingly, the Court must interpret the Lease to determine whether HCA is entitled to a balance. The Lease provides that New Jersey law governs. Lease §§ 1, 26P. Absent ambiguity, the Court construes the Lease as a matter of law, giving its terms "their plain and ordinary meaning." *See Kernahan v. Home Warranty Adm'r of Fla., Inc.*, 236 N.J. 301, 321 (2019) ("A basic tenet of contract interpretation is that contract terms should be given their plain and ordinary meaning."); *Suburban Transfer Serv., Inc. v. Beech Holdings, Inc.*, 716 F.2d 220, 224 n.6 (3d Cir. 1983) ("Under New Jersey law the construction of a written document is ordinarily a matter of law for the court unless the meaning is uncertain or ambiguous.").

Here, Plaintiff returned her vehicle in or around September 2021, within 120 days of the end of her lease term in December 2021, subjecting herself to the Early Termination Liability. AC ¶ 22; Lease § 22C.[4] Plaintiff never alleges that she paid the $2,416 Early Termination Liability, instead disputing the validity of the fee itself. *See* AC ¶ 26. Yet the Lease unambiguously requires Plaintiff to pay an early termination: "If you terminate the Lease 120 days or less before the end of the Lease Term, the early termination charge you owe will be" the Early Termination Liability described above. Lease § 22C; *see supra*

---

[4] Although the AC does not allege exactly when Plaintiff returned her car to the dealership, the AC does allege that February 2022 was "approximately five months after the vehicle was turned in," placing the return date around September 2021. Plaintiff concedes that it is "plausible" that "the vehicle was returned three months before the maturity date" in December 2021. Opp. 9. Yet Plaintiff does not expressly acknowledge when she returned the vehicle, likely because, as discussed, doing so would undermine her claim. Deliberate ambiguity as to ascertainable material facts is unbecoming of an officer of the Court. *See* N.J. Rules of Pro. Conduct r. 3.3(a)(5) (preventing lawyers from "fail[ing] to disclose to the tribunal a material fact knowing that the omission is reasonably certain to mislead the tribunal"); *In re Seelig*, 180 N.J. 234, 248 (2004) (noting that New Jersey has a heightened duty of candor that requires lawyers to "disclose all pertinent and relevant facts to the court so that it may act fairly").

§ I(A). Therefore, HCA did not report inaccurate information to the credit bureaus when it listed Plaintiff's outstanding balance as due under the Lease.

Plaintiff's only rejoinder is that HCA's billing system is "beyond careless" because HCA (1) accepted Plaintiff's $2,300 lease balance check, (2) issued Plaintiff a $1,984 refund, and then (3) subsequently demanded $2,416 in payment. Opp. 8. Maybe so, but even accepting these facts as true, the Lease still requires Plaintiff to pay the Early Termination Liability, which HCA still accurately reported as past due to the credit bureaus. Because the Lease obligates payment of the Early Termination Liability, no reasonable reader would view the information in HCA's credit reporting as inaccurate.

Moreover, the information that HCA sent to the credit bureaus is not materially misleading. But a credit report that accurately shows a legally enforceable, past due balance is not misleading. *See, e.g., Shechter v. Experian Info. Sols., Inc.*, No. 20-cv-05552, 2021 WL 323302, at *4 (D.N.J. Jan. 31, 2021). The AC also lacks allegations that HCA made a technical error or otherwise informed Plaintiff that it waived the Early Termination Liability. *But see Ritz*, 2025 WL 1303945, at *4 (finding a material factual dispute where the dealer "repeatedly found that Plaintiffs had no outstanding obligation" and where "the dealership had made a typographical error"). Although Plaintiff cites one merits case in support of her position, that case is distinguishable because the early termination fees otherwise owed under the lease were waived when the plaintiff entered into a new lease. *See Serhan v. Hyundai Cap. Am.*, No. 23-cv-01054, 2023 WL 6787810, at *4 (C.D. Cal. Sept. 7, 2023).

Because the Lease here permits HCA to charge Plaintiff early termination and other fees, and because Plaintiff does not allege that she paid the early termination balance due, HCA did not inaccurately or misleadingly report Plaintiff's past due balance to the credit bureaus. Plaintiff's FCRA claim must be **DISMISSED** as to HCA.

### B.    New Jersey Consumer Fraud Act

Despite dismissing Plaintiff's FCRA claim, the Court retains supplemental jurisdiction over her NJCFA claim against HCA, N.J. Stat. Ann. §§ 56:8-1 *et seq.*, because Plaintiff maintains a FCRA claim against the credit bureaus and a Fair Debt Collection Act claim against Resurgent Capital Services L.P. and Transworld Systems, Inc. *See, e.g., Nelson v. Temple Univ.*, 920 F. Supp. 633, 638 (E.D. Pa. 1996) (explaining that district courts retain supplemental jurisdiction over state law claims where federal claims against another defendant remain). Defendant argues that the FCRA preempts Plaintiff's NJCFA claim, requiring dismissal. Mem. 6. Defendant also argues that because "the Lease itself makes clear that HCA was well within its rights to charge" Plaintiff early termination and other fees, her NJCFA claim fails. *Id.* The Court agrees with both arguments.

The Fair Credit Reporting Act preempts any "requirement or prohibition" regarding "any subject matter regulated under" the provision, 15 U.S.C. § 1681s-2, "relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F). Although the Third Circuit has not yet interpreted this provision,

HCA correctly notes that district courts in the Third Circuit routinely recognize the broad scope of the FCRA's preemption. Mem. 6-7; *see Burrell v. DFS Servs., LLC*, 753 F. Supp. 2d 438, 451 (D.N.J. 2010) (holding that § 1681t(b)(1)(F)'s preemption provision "leaves no room for state law claims against furnishers"); *Pladeck v. Credit Suisse First Fin. Corp.*, No. 23-cv-20678, 2024 WL 4601461, at *5 (D.N.J. Oct. 29, 2024) ("[T]he District of New Jersey has adopted a total pre-emption approach with respect to FCRA claims." (citation modified)). The FCRA does not preempt claims involving conduct outside its ambit. *See, e.g., Hutchinson v. Del. Sav. Bank FSB*, 410 F. Supp. 2d 374, 385 (D.N.J. 2006) (holding that alleged wrongful attempts to collect on a loan were not preempted). Since preemption is an affirmative defense, Defendant must show that preemption "is apparent on the face of the complaint and documents relied on in the complaint" to prevail on a 12(b)(6) motion to dismiss. *Lupian v. Joseph Cory Holdings LLC*, 905 F.3d 127, 130 (3d Cir. 2018) (citation modified).

In the AC, Plaintiff alleges that HCA "engag[ed] in misrepresentation and unconscionable, deceptive, and false business practices against the Plaintiff" by "misrepresenting a lease balance, by adding false and unsupported fees to a balance, by failing to honor Plaintiff's lease pay-off, by issuing a refund check and then asking for the money back, and by using inaccurate credit reporting to pressure the Plaintiff to pay an improper amount." AC ¶ 97. The supporting factual allegations for this claim, however, relate to HCA's furnishing of information to the credit bureaus, such as "misrepresenting a lease balance," "adding false and unsupported fees to a balance," and "using inaccurate credit reporting to pressure the Plaintiff to pay an improper amount." Therefore, the FCRA preempts Plaintiff's NJCFA claim because it involves subject matter regulated by the FCRA. *See Pladeck*, 2024 WL 4601461, at *5 (concluding that the FCRA's preemption encompasses counts where damages "flow[] from Defendants' negative and inaccurate credit reporting").

Even if the Court were to construe the AC against the weight of authority that applies the FCRA's preemption broadly, her NJCFA claim fails on the merits because the Lease permits HCA to charge Plaintiff early termination and other fees, which exceeded what Plaintiff paid, and which Plaintiff never paid. *See supra* § III(A). Allegations that HCA "fail[ed] to honor Plaintiff's lease pay-off," that HCA "issu[ed] a refund check and then ask[ed] for the money back," and that HCA "add[ed] false and unsupported fees to a balance" lack supporting non-conclusory, factual allegations detailing unconscionable, deceptive, or false business practices.

Because Plaintiff's NJCFA claim is preempted, and because the AC otherwise fails to state a plausible claim against HCA, Plaintiff's NJCFA claim as to HCA is **DISMISSED**.

## IV.    LEAVE TO AMEND

In her Opposition, Plaintiff requests leave to amend should the Court dismiss her claims against HCA. Opp. 13. Plaintiff also filed the Motion for Leave to file the proposed second amended complaint.

Generally, the Court may deny leave to amend where "amendment would cause undue delay or prejudice, or that amendment would be futile." *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). The proposed second amended complaint would add two claims relating to the Lease and one factual allegation that would not cure the pleading issues underlying her FCRA and NJCFA claims. *See Kidd v. Lourdes Med. Ctr. of Burlington Cnty.*, No. 18-cv-16250, 2019 WL 1974830, at *4 (D.N.J. May 3, 2019) (denying leave to amend and considering the proposed second amended complaint); *Pacira BioSciences, Inc. v. Am. Soc'y of Anesthesiologists, Inc.*, 63 F.4th 240, 249-50 (3d Cir. 2023) (affirming denial of leave to amend where "no new factual allegations" would cure the complaint's deficiencies). Similarly, as discussed, both state law contractual claims in the proposed second amended complaint would be preempted by the FCRA, and they otherwise involve an unreasonable interpretation of the Lease. Even if the Motion for Leave were granted, those claims would fail. *See Maiden Creek Assocs., L.P. v. U.S. Dep't of Transp.*, 823 F.3d 184, 189 (3d Cir. 2016) ("To evaluate futility, we apply the same standard of legal sufficiency as would be applied to a motion to dismiss under Rule 12(b)(6)." (citation modified)). Therefore, the Motion for Leave is **DENIED** as futile.

Still, Rule 15 and the Third Circuit instruct that leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2); *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144-45 (3d Cir. 2002). Plaintiff is now on notice of the AC's deficiencies. *See id.* (affirming denial of leave to amend after the plaintiff "was on notice" of the complaint's deficiencies and failed to cure them). Thus, the Court **GRANTS** Plaintiff one final opportunity to amend her complaint to cure the AC's defects.

## V.    CONCLUSION

Defendant Hyundai Capital America d/b/a Kia Motors Finance's Motion to Dismiss the Amended Complaint is **GRANTED**. Plaintiff's Fair Credit Reporting Act claim against Defendant Hyundai Capital America, Count 1, and Plaintiff's New Jersey Consumer Fraud Act claim against Defendant Hyundai Capital America, Count 3, are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's Motion for Leave to Amend to file the proposed second amended complaint is **DENIED**. Plaintiff's request for leave to amend is **GRANTED**. An appropriate order follows.

DATE: October 29, 2025

WILLIAM J. MARTINI, U.S.D.J.