# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ASHLEY WHITE,** | No. 2:25-cv-02321-WJM-CF |
| Plaintiff, | **OPINION** |
| v. | |
| **HYUNDAI CAPITAL AMERICA et al,** | |
| Defendants. | |

## WILLIAM J. MARTINI, U.S.D.J.:

Following the Court's Opinion dismissing without prejudice the First Amended Complaint, 2025 WL 3022667 (D.N.J. Oct. 29, 2025) (ECF No. 81) ("First Opinion"), Plaintiff filed a Second Amended Complaint, ECF No. 89 ("SAC"), which is now the subject of two motions before the Court. First, Defendants Trans Union LLC ("Trans Union") and Experian Information Solutions, Inc. ("Experian") (collectively, the "Credit Bureaus") filed a Motion to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 99-100 ("Credit Motion"). Second, Defendant Transworld Systems, Inc. ("Transworld"), having answered, ECF No. 97 ("Transworld Answer"), filed a Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c). ECF No. 106 ("Transworld Motion"). Both motions are now fully briefed, and the Court declines to hold oral argument. Fed. R. Civ. P. 78(b). After careful consideration, for the reasons stated below, the Credit Motion is **GRANTED**, the Transworld Motion is **GRANTED**, and leave to amend is **DENIED**.

## I.    BACKGROUND

Briefly, the Court summarizes the relevant context relating to the instant motions, otherwise incorporating the statement of facts set forth in the First Opinion.

### A.    Factual Background

Plaintiff leased a vehicle from Hyundai Capital America d/b/a Kia Motors Finance ("HCA"), returning it early, which triggered her obligation to make a final payment. SAC ¶¶ 4, 27. Before receiving the final bill, Plaintiff calculated the amount she believed to be due, $2,300, and paid it electronically when returning the vehicle. *Id.* ¶¶ 4-5. HCA then issued her a refund of $1,948 and billed her for a balance of $2,416. *Id.* That balance consists of unpaid lease payments, an excess-milage charge, a turn-in fee, and official fees and taxes. *Id.* Ex. B. HCA then reported the balance to the Credit Bureaus. *Id.* ¶ 5.

1

In February 2025, Transworld sent Plaintiff a collection letter, Transworld Motion Ex. A ("Collection Letter") (incorporated by reference, SAC ¶ 59) and then sent her a text message a month later referencing an MTA account. Transworld Answer Ex. A ("Text"); SAC ¶ 63 (incorporating by reference the Text). Plaintiff alleges that Transworld knew or should have known of her representation by counsel when the Text was sent. *Id.* ¶ 64.

### B.     Procedural History

In the First Opinion, the Court dismissed Plaintiff's claims against HCA under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), and New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1 *et seq.* ("NJCFA"). First Opinion 7. The Court reasoned that HCA did not report inaccurate information to the Credit Bureaus by listing Plaintiff's outstanding balance as overdue because Plaintiff's lease permits HCA to charge Plaintiff an early termination fee, which Plaintiff concedes she never paid. *Id.* 5. The Court also concluded that the FCRA preempted Plaintiff's NJCFA claim, which involved overlapping subject matter, and otherwise, the NJCFA claim lacked cognizable, non-conclusory, factual allegations to support it. *Id.* 6.

On November 20, 2025, Plaintiff filed the SAC. Since the First Opinion, Plaintiff filed notices of settlement with Defendants Equifax Information Services LLC, ECF No. 84, HCA, ECF No. 94, and Resurgent Capital Services L.P., ECF No. 104.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. Similarly, the Court "appl[ies] the same standards as under Rule 12(b)(6)" when evaluating a Rule 12(c) motion for judgment on the pleadings. *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). Courts must "accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable" to the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Although courts "may not consider matters extraneous to the pleadings," courts can consider a "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). The factual allegations must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court "may disregard any legal conclusions." *Bruni v. City of Pittsburgh*, 824 F.3d 353, 360 (3d Cir. 2016).

## III.     DISCUSSION

The SAC brings five counts, though only the two federal claims are relevant here. Count One alleges that the Credit Bureaus violated the FCRA by failing to conduct a reasonable investigation of the allegedly inaccurate or misleading information contained in HCA's credit report to the Credit Bureaus. SAC ¶¶ 73-78. Count Two alleges that Transworld violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

2

("FDCPA"), by falsely representing Plaintiff's debt and using false, deceptive, and unconscionable means to collect the debt. SAC ¶¶ 86-91.

The Court has jurisdiction over this case under 28 U.S.C. § 1331, 15 U.S.C. § 1681p, and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

### A.    Fair Credit Reporting Act

Beginning with Plaintiff's FCRA claim, the Credit Bureaus make two arguments for dismissal: (1) the First Opinion collaterally estops Plaintiff's FCRA claim; and (2) the dispute between Plaintiff and HCA is legal in nature, so it is not cognizable under the FCRA. Credit Mot. 4-9. The Credit Bureaus' first argument is frivolous because Plaintiff filed the SAC within the leave period provided by the Court, so the Court's original dismissal was not a final decision on the merits. *See Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 279-80 (3d Cir. 2016) (explaining that "a plaintiff can convert a dismissal without prejudice into a final order by declaring his intention to stand on his complaint" and "opting to not amend his complaint" (citation modified)); *Garrett v. Murphy*, 17 F.4th 419, 424 (3d Cir. 2021) ("[I]t is well settled that a dismissal without prejudice and with leave to amend isn't a final order." (citation modified)).

However, the Credit Bureaus' second argument is dispositive. Plaintiff's FCRA claim hinges on the legal validity of her balance to HCA, which required the Court to interpret her lease. First Opinion 4. As multiple courts have recognized, the FCRA does not require credit reporting agencies to adjudicate legal disputes as part of their obligation to conduct a reasonable investigation. *See, e.g., Serfess v. Equifax Credit Info. Servs.*, No. 13-cv-00406, 2014 WL 4272032, at *8 (D.N.J. Aug. 28, 2014) ("[A] credit reporting agency is not required to referee a dispute between a consumer and lender."); Credit Mot. 7-8 (collecting cases). Plaintiff does not dispute this authority, instead pointing to factual disputes about the balance itself and criticizing the adequacy of Defendants' investigative procedures. ECF No. 110 ("Credit Opposition"), at 8-11. Her argument, however, ignores that the Credit Bureaus are ill-positioned to make legal determinations, such as whether HCA waived any rights to collect fees under Plaintiff's lease. SAC ¶ 30; *see, e.g., Hafez v. Equifax Info. Servs., LLC*, No. 20-cv-09019, 2021 WL 1589459, at *5 (D.N.J. Apr. 23, 2021) (recognizing that credit reporting agencies "are not required to investigate the legal validity of the underlying debts they report and are only liable for patent, factual inaccuracies contained in credit reports") (citing *Leboon v. Equifax Info. Servs., LLC*, No. 18-cv-01978, 2019 WL 3230995, at *4 (E.D. Pa. July 17, 2019) (citation modified)).

Because Plaintiff cannot plausibly allege that the Credit Bureaus' duty to conduct a reasonable investigation required them to resolve the legal validity of Plaintiff's balance with HCA, Plaintiff has failed to state an FCRA claim against the Credit Bureaus.

### B.    Fair Debt Collection Practices Act

Turning to Plaintiff's FDCPA claim, Plaintiff alleges that Transworld violated the FDCPA in three ways: (1) sending her a "misleading and confusing" collection letter

3

containing a "false and inaccurate" balance; (2) communicating with Plaintiff via the Text, which misidentified Plaintiff's account and failed to disclose that Transworld was a debt collector trying to collect on a debt; and (3) contacting Plaintiff via the Text despite knowing she was represented by counsel. SAC ¶¶ 59-64. Transworld's Motion addresses all three bases for Plaintiff's FDCPA claim. Transworld Mot. 5-10.

The FDCPA prohibits debt collectors from using "false, deceptive, or misleading representations or means" to collect a debt, as well as unconscionable means. 15 U.S.C. §§ 1692e, 1692f. Debt collectors cannot communicate with consumers when they know the consumer is represented by counsel. *Id.* § 1692c(a)(2). The Court must determine whether the language of the communication "might still deceive or mislead the least sophisticated debtor." *Brown v. Card Sev. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006). Even under that forgiving standard, the least sophisticated debtor "does not subscribe to bizarre or idiosyncratic interpretations of collection notices" and "possess[es] a quotient of reasonableness consistent with a basic level of understanding and willingness to read with care." *Hopkins v. Collecto, Inc.*, 994 F.3d 117, 122 (3d Cir. 2021) (citation modified).

First, Plaintiff asserts that the balance in the Collection Letter is false or misleading based on her dispute over the underlying validity of the amounts owed. SAC ¶ 62; ECF No. 112 ("Transworld Opposition"), at 7-11. But as with Plaintiff's FCRA claim against the Credit Bureaus, her FDCPA claim based on the Collection Letter fails because it turns on the validity of her debt, a basis the FDCPA does not recognize. *See Kennedy v. United Collection Bureau, Inc.*, No. 09-cv-05480, 2010 WL 445735, at *4 (D.N.J. Feb. 3, 2010) (holding that the FDCPA's purpose "is to monitor the activity of debt collectors," not to adjudicate the validity of the underlying debt); *Humphreys v. Budget Rent A Car Sys. Inc.*, No. 10-cv-01302, 2014 WL 1608391, at *10 (E.D. Pa. Apr. 22, 2014) (holding that the FDCPA claims concern debt collection practices, not the enforceability of the underlying debt); *see also Dixon v. Stern & Eisenburg, PC*, 652 F. App'x 128, 133 (3d Cir. 2016) (per curiam) (holding that the FDCPA "does not require a debt collector to independently investigate a debt before it begins collection activities"). Because the FDCPA does not permit a claim premised on the disputed validity of a balance in an otherwise permissible collection letter, Plaintiff's first argument fails.

Turning to Plaintiff's allegations regarding the Text, it strains credulity to suggest that the Text, in full context, references Plaintiff's account with HCA where the stated account numbers do not match. *Contrast* Collection Letter (account number ending in -5447), *with* Text (account number ending in -2534). The Text itself neither refers to a balance with HCA nor provides any indication that Transworld was aware that Plaintiff was represented by counsel. *See id.* (referring to an "MTA account"). Moreover, Transworld was served in May 2025, ECF No. 31, months after the Text was sent in March 2025, so Plaintiff does not plausibly allege that Transworld had actual knowledge that she was represented by counsel when it sent the Text months prior. *See Gebhardt v. LJ Ross Assocs., Inc.*, No. 15-cv-02154, 2017 WL 2562106, at *2-3 (D.N.J. June 12, 2017) (holding that the plaintiff failed to show actual knowledge, as required by the FDCPA, prior to the debt collector's communication). For these reasons, Plaintiff's second and third arguments also fail.

4

## C.    Leave to Amend

Although Plaintiff requests leave to amend to file a third amended complaint, she offers no indication that doing so would cure the issues identified herein. The First Opinion put Plaintiff on notice that the SAC would be her "final opportunity to amend." First Opinion 7. Additionally, Plaintiff admits that her claims against the Credit Bureaus and Transworld have "factual overlap" with claims against HCA that the Court already dismissed and now seem to be settled. Credit Opp'n 11; Transworld Opp'n 15. Therefore, leave to amend is **DENIED** as futile. *See Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 465-66 (3d Cir. 2021) (affirming denial of leave to amend on futility grounds where the new proposed allegations would not entitle the plaintiff to relief); *LaSpina v. SEIU Pa. State Council*, 985 F.3d 278, 291 (3d Cir. 2021) (affirming denial of leave to amend to file a third amended complaint where the Plaintiff "failed to suggest what she might add were the District Court to grant leave to amend it again").

## IV.    CONCLUSION

Plaintiff's FCRA and FDCPA claims are **DISMISSED WITH PREJUDICE.** An appropriate order follows.

DATE: April 20, 2026

WILLIAM J. MARTINI, U.S.D.J.

5